UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MILLARD GREEN,** Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| *Plaintiff*, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| **FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, and K2 WASTE SOLUTIONS, LLC d/b/a LT's GARBAGE SERVICE** | § § § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| *Defendants.* | § § § | **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Millard Green brings this action individually and on behalf of all current and former Waste Disposal Drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Frontier Access, LLC d/b/a Frontier Waste Solutions, Frontier K2, LLC, and/or K2 Waste Solutions, LLC d/b/a LT's Garbage Service ("Defendants" or "Frontier") at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. §§ 201–19, *et seq.,* and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Texas common law claim is asserted as a class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Texas.

2. Plaintiff and the Putative Class Members are those persons who are current and former non-exempt employees of Defendants who have worked as Waste Disposal Drivers and were responsible for hauling waste and garbage to the appropriate facilities—such as landfill and transfer facilities—throughout the United States at any time during the relevant statutes of limitation.

3. Plaintiff and the Putative Class Members routinely worked (and continue to work) in excess of forty (40) hours per workweek.

4. During the relevant time period, Defendants have knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked in excess of forty each week on a routine and regular basis.

5. Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct either a 30-minute or one-hour meal-period from Plaintiff and the Putative Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their respective meal-period breaks.

6. The effect of Defendants' practice was (and is) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Defendants have failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Texas state law.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Texas common law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under the Texas class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Green designated herein be named as the Class Representative for the Texas Class.

## II.
## THE PARTIES

11. Plaintiff Millard Green ("Green") was employed by Defendants in Texas during the relevant time period. Plaintiff Green did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

12. The FLSA Collective Members are those current and former Waste Disposal Drivers who were employed by Defendants, anywhere in the United States and at any time from January 30, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Green worked and was paid.

13. The Texas Class Members are those current and former Waste Disposal Drivers who were employed by Defendants in Texas, at any time from January 30, 2015 through the final

---

[1] The written consent of Millard Green is attached hereto as Exhibit "A."

*Original Collective/Class Action Complaint* Page 3

disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Green worked and was paid.

14. Defendant Frontier Access, LLC d/b/a Frontier Waste Solutions ("Frontier Access") is a foreign limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **John Gustafson, 935 Hills Creek Dr., McKinney, Texas 75070.**

15. Defendant Frontier K2, LLC ("Frontier K2") is a foreign limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **Peter Huff, 117 W. Seventh St., Suite 820, Austin, Texas 78701.**

16. Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service (hereinafter "K2 Waste") is a foreign limited liability company, licensed to and doing business in Texas, and may be served through its registered agent for service of process: **William L Killian Jr., 14950 Santa Gertrudis, Corpus Christi, Texas 78410.**

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

18. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional Texas state-law claims pursuant to 28 U.S.C. § 1367.

20. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

21. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Defendants have maintained a working presence throughout South Texas and Plaintiff and the Putative Class Members worked for Defendants in Houston, Texas, which is located within this District and Division.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

24. Defendant Frontier Access is a full-service solid waste company providing waste collection, recycling and disposal services to commercial, industrial and residential customers across the state of Texas.[2]

25. On information and belief, Defendant Frontier K2 is a payroll company used exclusively by Defendants to compensate its employees—including Plaintiff and the Putative Class Members.

26. On information and belief, Defendant K2 Waste was a full-service solid waste company providing waste collection, recycling, and disposal services to a commercial, industrial, and residential customers across the states of Texas and Arizona. On information and belief, K2 Waste has been wholly acquired by Defendant Frontier Access.

27. To provide their services, Defendants employed (and continue to employ) numerous workers—including Plaintiff and the Putative Class Members. While exact job titles may differ, these

---

[2] *See* https://frontierwaste.com/service-areas

*Original Collective/Class Action Complaint* Page 5

employees were subjected to the same or similar illegal pay practices for similar work throughout the United States.

28. Defendants are joint employers pursuant to 229 C.F.R. § 791.2.

29. Specifically, Defendant Frontier Access holds itself out as an employer of its Waste Disposal Drivers. Waste Disposal Drivers were told they worked for Frontier Waste Solutions and drove trucks with the logo of Frontier Waste Solutions.

30. Defendant Frontier K2 manages key internal relationships to Defendant Frontier Access—that is, it directs the financials of Defendant Frontier Access and controls the pay of Plaintiff and the Putative Class Members. Specifically, Plaintiff and the Putative Class Members wages were paid with checks from Frontier K2.

31. Defendant K2 Waste, on information and belief, has been fully acquired and integrated into Defendant Frontier Access and Defendant K2 Waste's liability for violations of the FLSA have been acquired by Defendant Frontier Access.

32. Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

33. Specifically, Plaintiff Green was directed and paid by Defendant K2 Waste until approximately 2017. During 2017, Defendant K2 Waste continued to direct Plaintiff Green but Defendant Frontier K2 paid Plaintiff Green his wages. During 2018, Plaintiff and his coworkers were informed by their supervisors that they now worked for Defendant Frontier Access. Defendant Frontier K2 continued to control and pay Plaintiff Green his wages.

34. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Texas common law with respect to the entire employment for the workweeks at issue in this case.

35. Plaintiff and the Putative Class Members are (or were) non-exempt Waste Disposal Drivers employed by Defendants for the relevant time-periods preceding the filing of this Complaint through the final disposition of this matter.

36. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

37. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA violations.

38. Defendants have a policy wherein they automatically deduct at least one, and as many as two, 30-minute meal periods from Plaintiff and the Putative Class Members daily time.

39. Waste Disposal Drivers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from his or her hours worked if they work under twelve (12) hours in one day. Waste Disposal Drivers, such as Plaintiff and the Putative Class members, automatically have one full hour per day for meal periods deducted from his or her hours worked if they work over twelve (12) hours in one day.

40. Defendants were (and continue to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their meal periods without pay in violation of the FLSA.

41. When calculating Plaintiff and the Putative Class Members' hours each pay period, Defendants deducted (and continue to deduct) up to one hour from Plaintiff and the Putative Class Members' daily on-the-clock hours, in violation of the FLSA.

42. In other words, for each 5-day workweek, Defendants deducted (and continue to deduct) up to five (5) hours from each workweek's total "on-the-clock" hours. For a 6-day workweek, Defendants deducted (and continue to deduct) up to six (6) hours from each workweek's total "on-the-clock" hours.

43. Defendants' systematic deduction of the meal periods from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working overtime hours for which they were (and are) not compensated at a rate not less than time and one-half as is required by the FLSA.

44. Defendants' systematic deduction of the meal periods from actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of overtime pay in violation of the FLSA.

45. As a result of Defendants' failure to compensate Plaintiff and the Putative Class Members for performing work "off-the-clock," Plaintiff and the Putative Class Members worked overtime hours for which they were not compensated.

46. Defendants' failure to compensate Plaintiff and the Putative Class Members for their "off-the-clock" overtime hours violated (and continues to violate) the FLSA.

47. Defendants knew or should have known that they were miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

48. Defendants knew or should have known that their failure to pay the correct amount of overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

49. Defendants knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

50. Defendants actions therefore constitute willful violations under the FLSA and were not made in good faith.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.  FLSA COVERAGE**

51. All previous paragraphs are incorporated as though fully set forth herein.

52. The FLSA Collective is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, AND/OR K2 WASTE SOLUTIONS, LLC d/b/a LT'S GARBAGE SERVICE, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 30, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

53. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

54. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

55. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the

production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

56. Specifically, Defendants operate on interstate highways, purchase materials through commerce, transport materials through commerce and on the interstate highways, and conduct transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

57. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

58. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

59. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Waste Disposal Drivers who assisted Defendants' customers throughout the United States. 29 U.S.C. § 203(j).

60. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

61. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 52.

62. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

63. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

64. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

65. Defendants knew or should have known their pay practices were in violation of the FLSA.

66. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

67. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

68. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

69. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA

in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

### C.   COLLECTIVE ACTION ALLEGATIONS

70. All previous paragraphs are incorporated as though fully set forth herein.

71. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

72. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

73. The FLSA Collective Members are defined in Paragraph 52.

74. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

75. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

76. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

77. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

78. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

79. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

80. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

81. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 52 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Texas Common Law)

A.  **VIOLATIONS OF TEXAS COMMON LAW**

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Plaintiff Green further brings this action pursuant to the equitable theory of *quantum meruit*. *See Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

84. The Texas Class is defined as:

**ALL WASTE DISPOSAL DRIVERS WHO WORKED FOR FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, AND/OR K2 WASTE SOLUTIONS, LLC d/b/a LT'S GARBAGE SERVICE IN TEXAS, AT ANY TIME FROM JANUARY 30, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Class" or "Texas Class Members").**

85. Plaintiff Green and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants. These claims are independent of Plaintiff Green's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014).

86. Plaintiff Green and the Texas Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

87. Defendants accepted Plaintiff Green and the Texas Class Members' services and benefited from Plaintiff Green's timely dedication to Defendants' customers.

88. Defendants were aware that Plaintiff Green and the Texas Class Members expected to be compensated for the services they provided to Defendants.

89. Defendants have therefore benefited from services rendered by the Plaintiff Green and the Texas Class Members and they are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.  TEXAS COMMON LAW CLASS ALLEGATIONS**

90. The Texas Common Law Plaintiffs bring their Texas Common Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas since January 30, 2015. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.051.

91. Class action treatment of the Texas Common Law Class Members is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

92. The number of Texas Common Law Class Members is so numerous that joinder of all class members is impracticable.

93. Plaintiff Green is a member of the Texas Common Law Class, his claims are typical of the claims of other class members, and he has no interests that are antagonistic to or in conflict with the interests of the other class members.

94. Plaintiff Green and his counsel will fairly and adequately represent the class members and their interests.

95. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

96. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 84.

## VI.
## RELIEF SOUGHT

97. Plaintiff respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 52 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Texas Class as defined in Paragraph 84 and designating Plaintiff Green as the Class Representative of the Texas Class.

    e. For an Order pursuant to the Texas Act awarding the Texas Class Members all damages allowed by law;

    f. For an Order awarding the costs of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Green a service award as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

      k.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 30, 2019

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By: /s/ *Clif Alexnder*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Federal I.D. No. 19259
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Federal I.D. No. 3101064
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**Attorneys for Plaintiffs and the Putative Class Members**