# Exhibit B

# FAX COVER SHEET

| TO | |
|---|---|
| COMPANY | |
| FAX NUMBER | 13614521284 |
| FROM | Charles Wilson |
| DATE | 2020-03-05 13:24:59 PST |
| RE | **C.A. No. 4:19-cv-332; Millard Green v. Frontier Access, LLC d/b/a Frontier Waste Solutions, et al. - Letter to OC serving Defendants' Answers, Responses, and Objections to Millard Green's 1st Set of ROGS, 1st RFP, and 1st RFA to Defendants - 03.05.20** |

## COVER MESSAGE

\-------------------------

This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

Littler Mendelson, P.C. is part of the international legal practice Littler Global, which operates worldwide through a number of separate legal entities. Please visit www.littler.com for more information.

**Littler**

**Littler Mendelson, PC**
1301 McKinney Street
Suite 1900
Houston, TX  77010

**Charles H. Wilson**
713.652.4737 direct
713.951.9400 main
713.456.2481 fax
chawilson@littler.com

March 5, 2020

**VIA EMAIL
AND FACSIMILE**

Clif Alexander
Austin W. Anderson
Lauren E. Braddy
Alan Clifton Gordon
Carter T. Hastings
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

Re:    C.A. No. 4:19-cv-332; *Millard Green v. Frontier Access, LLC d/b/a Frontier Waste Solutions, et al.*; In the United States District Court for the Southern District of Texas, Houston Division

Dear Counsel:

Enclosed are the following:

1.    Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service's Answers and Objections to Plaintiff Millard Green's First Set of Interrogatories;

2.    Defendant Frontier K2, LLC's Answers and Objections to Plaintiff Millard Green's First Set of Interrogatories;

3.    Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service's Responses and Objections to Plaintiff Millard Green's First Request for Production;

4.    Defendant Frontier K2, LLC's Responses and Objections to Plaintiff Millard Green's First Request for Production;

5.    Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service's Responses and Objections to Plaintiff Millard Green's First Request for Admission; and

March 5, 2020
Page 2

6.    Defendant Frontier K2, LLC's Responses and Objections to Plaintiff Millard Green's First Request for Admission.

Sincerely,

Charles H. Wilson

CHW/llm
Enclosures

4839-0916-0118.1 102083.1001

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:19-cv-332** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FRONTIER K2, LLC and** | § | |
| **K2 WASTE SOLUTIONS, LLC d/b/a** | § | |
| **LT's GARBAGE SERVICE,** | § | |
| | § | **COLLECTIVE ACTION** |
| **Defendants.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |
| | § | |
| | § | |

**DEFENDANT K2 WASTE SOLUTIONS, LLC D/B/A**
**LT'S GARBAGE SERVICE'S ANSWERS AND OBJECTIONS TO PLAINTIFF**
**MILLARD GREEN'S FIRST SET OF INTERROGATORIES**

TO:   Plaintiff, Millard Green, by and through his attorneys of record, Clif Alexander, Austin W. Anderson, Lauren E. Braddy, Alan Clifton Gordon, Carter T. Hastings, ANDERSON ALEXANDER, PLLC, 819 N. Upper Broadway, Corpus Christi, Texas 78401.

Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service ("Defendant" or "K2") serves its Answers and Objections to Plaintiff Millard Green's ("Green" or "Plaintiff") First Set of Interrogatories under the Federal Rules of Civil Procedure.

Dated:  March 5, 2020                              Respectfully submitted,

_/s/ Charles H. Wilson_
Charles H. Wilson (Attorney-in-Charge)
Federal Bar No. 34581
Texas State Bar No. 00797678
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas  77010
Telephone:  713.652.4737
Facsimile:  713.456.2481
Email:  chawilson@littler.com

**ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of March, 2020, a true and correct copy of the foregoing document was duly served via email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:

Clif Alexander
clif@a2xlaw.com
Austin W. Anderson
austin@a2xlaw.com
Lauren E. Braddy
lauren@a2xlaw.com
Alan Clifton Gordon
cgordon@a2xlaw.com
Carter T. Hastings
carter@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

**ATTORNEYS FOR PLAINTIFF**

_/s/ Charles H. Wilson_
Charles H. Wilson

2

## DEFENDANT K2 WASTE SOLUTIONS, LLC D/B/A LT'S GARBAGE SERVICE'S ANSWERS AND OBJECTIONS TO PLAINTIFF MILLARD GREEN'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information that person provided.

**ANSWER:**

Defendant objects to this request because it seeks the telephone numbers and addresses of current employees of Defendant who are considered clients of the undersigned. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981).

Subject to, and without waiving, the foregoing objection the following individuals provided information in preparation of the answers to these interrogatories:

1.   **Bill Killian**
     c/o Charles H. Wilson
     LITTLER MENDELSON, P.C.
     1301 McKinney St., Suite 1900
     Houston, Texas 77010
     Telephone: (713) 951-9400

2.   **Billy Killian, III**
     c/o Charles H. Wilson
     LITTLER MENDELSON, P.C.
     1301 McKinney St., Suite 1900
     Houston, Texas 77010
     Telephone: (713) 951-9400

3.   **Mike Nelson**
     c/o Charles H. Wilson
     LITTLER MENDELSON, P.C.
     1301 McKinney St., Suite 1900
     Houston, Texas 77010
     Telephone: (713) 951-9400

**INTERROGATORY NO. 2:** Identify each person who is likely to have discoverable information regarding the claims and defenses of any party to this lawsuit, along with the subjects of that information. This includes, but is not limited to, Plaintiff, Opt-in Plaintiffs, their co-workers, supervisors and other persons employed by you or by a third party that may have knowledge of any Plaintiffs employment or working relationship with you, such as work duties,

3

conditions, hours, pay, and the creation, implementation, and continued ratification of the pay practices at issue, including but not limited to the automatic meal-period deduction.

**ANSWER:**

Defendant objects to this request because it seeks the telephone numbers and addresses of current employees of Defendant who are considered clients of the undersigned. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981).

Subject to, and without waiving, the foregoing objection the following individuals are likely to have knowledge of information relevant to the claims and defenses of the parties including the employment or working relationship between Plaintiff/Opt-in Plaintiffs and Defendant, the work duties, work conditions, work hours, and pay of Plaintiff and Opt-in Plaintiffs, and the creation, implementation, and continued ratification of the pay practices at issue, including but not limited to the automatic meal-period deduction:

1. **Bill Killian**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

2. **Billy Killian, III**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

3. **Michael Giampetro**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

4. **Norma Lozano**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

4

5. **Alvaro Calderon**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

6. **Mike Nelson**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

**INTERROGATORY NO. 3:** Have any documents (including those maintained electronically) relating to the wage and overtime payments of Plaintiff and Opt-in Plaintiffs, the wage and overtime policies and procedures for Plaintiff and Opt-in Plaintiffs, your initial or supplemental Federal Rule of Civil Procedure 26(a) required disclosures, or any of your responses to an interrogatory, request for production, or request for admission been destroyed, discarded, or otherwise disposed of? If so, please identify such document by general description of contents, date of destruction, and reason for destruction.

**ANSWER:**

Certain route sheets reflecting routes driven before August 2017 by Plaintiff and/or Opt-In Plaintiffs were destroyed during Hurricane Harvey in August 2017.

**INTERROGATORY NO. 4:** State how many hours, by date, Plaintiff and each Opt-in Plaintiff worked during each work week in the relevant time-period. In doing so, state which day of the week you used to designate as the beginning of the work week. If you are unable to determine this answer with specificity, please provide your best estimate.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 5:** Identify the (a) job title, (b) job duties, and (c) rates of pay for Plaintiff and the Opt-in Plaintiffs at any time during the relevant window of recovery.

5

**ANSWER:**

| Name | Job Title/Duties | Rates of Pay |
|---|---|---|
| Green, Millard | Driver | 17.00 / 19.50 |
| Haynes, Donald | Driver | 18.00 |
| Martinez, Johnnie | Driver | 17.00 |
| Perez, Gilbert | Driver | 17.00 |
| Rhea, Cecil | Driver | 18.00 / 19.50 |
| Story, James | Driver | 19.00 |
| Watson, Terrance | Driver | N/A |

Plaintiff Green's initial hourly rate was 17.00/hour and he eventually earned 19.50/hour. Opt-In Plaintiff Rhea initial earned 18.00/hour and he eventually earned 19.50/hour.

**INTERROGATORY NO. 6:** Identify and describe all wages, bonuses, fringe benefits, and any other form of compensation that you paid to Plaintiff and the Opt-in Plaintiffs during the relevant time-period.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 7:** Identify and describe your policies and procedures regarding timekeeping, automatic deductions, and wage and overtime payments to Plaintiff during the relevant time period (that is, through the present) by providing: (a) the date of implementation of your initial policies and procedures during this period; and (b) a description of any change(s) to such policies and procedures during this period and the date(s) that such changes were implemented.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 8:** Describe all of your reasonable, good-faith efforts to comply with, and not violate the FLSA, and your reasonable grounds for believing that your actions or inactions or omissions were not in violation of the FLSA.

**ANSWER:**

Defendant implemented procedures, reflected in the documents produced, prohibiting the failure to pay for all time worked, included during meal-breaks. Such procedures, among other things, required Plaintiff and Opt-In Plaintiffs to promptly report any work time not paid for or reflected in time records.

6

**INTERROGATORY NO. 9:** Describe why you did not willfully violate the FLSA.

**ANSWER:**

Defendant implemented procedures, reflected in the documents produced, prohibiting the failure to pay for all time worked, included during meal-breaks. Such procedures, among other things, required Plaintiff and Opt-In Plaintiffs to promptly report any work time not paid for or reflected in time records. Defendant pays for all time worked and Plaintiff and Opt-In Plaintiffs did not report working during a meal break or missing meal breaks because of work required by Defendant.

**INTERROGATORY NO. 10:** Identify all claims, notices of claims, investigations, inquiries, and lawsuits involving you where an allegation was made that you failed to provide employees proper wage and overtime pay by providing the following:

      a.     Name and address of all parties;

      b.     The job titles or class of employees involved;

      c.     The names and address of the attorney representing the plaintiff/complainant;

      d.     The substance of the facts alleged;

      e.     If no suit was filed, the date on which you received notice of the claim;

      f.     If suit was filed, the date of filing and court and case number;

      g.     The disposition; and

      h.     The name and address of the person having custody of all records related to the matter.

**ANSWER:**

None.

**INTERROGATORY NO. 11:** Have you been the subject of any federal or state governmental investigation or inquiry for failure to comply with federal or state laws concerning payment of wages and overtime, including but not limited to the FLSA? If so, for each such investigation or inquiry, please provide:

      a.     The date of the investigation or inquiry;

      b.     The entity and/or governmental agency involved;

      c.     The job titles or class of employees involved;

7

     d.     The documents sent to the government agency; and

     e.     The documents received by the government agency.

**ANSWER:**

No.

**INTERROGATORY NO. 12:**  Describe LT's Garbage Serivce's [sic] corporate structure, identifying the different positions in the chain of command from those individuals who drive waste disposal trucks on LT's Garbage Service's behalf, to the most senior individual at LT's Garbage Service.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 13:**  Do you claim that any "good faith" defense may be applicable to one or more claims made against you in this matter? If so, please state the factual and legal basis for your contention. A "good faith" defense, as used in the above interrogatory, includes those defenses set forth in Section 10 and 11 of the Portal to Portal Act, 29 U.S.C. §§ 259(a), and 260.

**ANSWER:**

Defendant implemented procedures, reflected in the documents produced, prohibiting the failure to pay for all time worked, included during meal-breaks.  Such procedures, among other things, required Plaintiff and Opt-In Plaintiffs to promptly report any work time not paid for or reflected in time records.  Defendant pays for all time worked and Plaintiff and Opt-In Plaintiffs did not report working during a meal break or missing meal breaks because of work required by Defendant.

**INTERROGATORY NO. 14:**  Do you claim that any classification, "good faith" defense (as defined in the preceding interrogatory), or policy or procedure regarding the payment of wages and overtime to Plaintiff was undertaken on the advice of legal counsel? If so, please provide the following:

     a.     The identity of all officers or employees relying upon advice of legal counsel;

     b.     The identity of legal counsel upon whose advise you relied;

8

c.    The date and subject of all meetings and communications with your legal counsel related to the claims as well as the identity of all persons present or involved; and

d.    The identity of all documents related to your reliance on legal counsel.

**ANSWER:**

No.

**INTERROGATORY NO. 15:**  Identify all current and former directors, members, officers, general managers, operational managers, safety managers, division supervisors, payroll supervisors, payroll processors, CFOs, driver dispatch personnel and all driver service coordinator employees employed at each of LT's Garbage Service's facilities at which a Plaintiff or Opt-in Plaintiff has been employed, within the past 4 years by name, dates of employment and facility location (including address).  In the case of former employees, your answer should include the last known address, home telephone number(s), mobile telephone number(s) and email address(es).

**ANSWER:**

Defendant objects to this request because it is overly broad, seeks irrelevant confidential/private information, and is not proportional to the needs of the case.  Subject to, and without waiving these objections, see Answer to Interrogatory No. 2.

**INTERROGATORY NO. 16:**  Identify and describe how LT's Garbage Service's waste disposal drivers are monitored while in the line of business by explaining specifically: (a) how their routes are assigned; (b) how their route lengths and stops are logged; and (c) how GPS monitoring is tracked in connection with their route lengths and stops.

**ANSWER:**

Drivers are: (a) assigned routes based on skill set; (b), each driver is required to log mileage on daily route sheets and other relevant information; and (c) GPS data can be obtained for drivers reflecting the length of routes and stops.

**INTERROGATORY NO. 17:**  Identify all current and former employees of LT's Garbage Service, or third party companies, charged with collecting, analyzing, supervising and/or monitoring the GPS data for all LT's Garbage Service's trucks.

**ANSWER:**

Mike Nelson, Bill Killian, and Billy Killian, III.

9

**INTERROGATORY NO. 18:** Identify and describe your policies and procedures on automatic lunch time deductions for LT's Garbage Service's truck drivers and how these deductions reflect the actual and accurate time taken while the truck drivers were on a lunch break.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 19:** Identify and describe your policies and procedures on automatic weekly deductions for LT's Garbage Service's truck drivers and how these deductions reflect the actual and accurate time the truck drivers were not working.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILLARD GREEN, Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | Civil Action No. 4:19-cv-332 |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| FRONTIER K2, LLC and K2 WASTE SOLUTIONS, LLC d/b/a LT's GARBAGE SERVICE, | § § § | |
| | § | COLLECTIVE ACTION |
| Defendants. | § | PURSUANT TO 29 U.S.C. § 216(b) |

## VERIFICATION

My name is _Bill Killian_. I have reviewed Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service's Answers and Objections to Plaintiff Millard Green's First Set of Interrogatories. The factual statements I have knowledge of are true and correct based on my personal knowledge and/or my review of company records. I declare under penalty of perjury that the foregoing is true and correct.

Executed this _25th_ day of _February_, 2020.

SHERRY MAYES
My Notary ID # 129224971
Expires December 5, 2020

Sherry Mayes
25th day of February, 2020

11

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:19-cv-332** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FRONTIER K2, LLC and** | § | |
| **K2 WASTE SOLUTIONS, LLC d/b/a** | § | |
| **LT's GARBAGE SERVICE,** | § | |
| | § | **COLLECTIVE ACTION** |
| **Defendants.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

**DEFENDANT FRONTIER K2, LLC'S**
**ANSWERS AND OBJECTIONS TO PLAINTIFF**
**MILLARD GREEN'S FIRST SET OF INTERROGATORIES**

TO:    Plaintiff, Millard Green, by and through his attorneys of record, Clif Alexander, Austin W. Anderson, Lauren E. Braddy, Alan Clifton Gordon, Carter T. Hastings, ANDERSON ALEXANDER, PLLC, 819 N. Upper Broadway, Corpus Christi, Texas 78401.

Defendant Frontier K2, LLC ("Defendant" or "Frontier") serves its Answers and Objections to Plaintiff Millard Green's ("Green" or "Plaintiff") First Set of Interrogatories under the Federal Rules of Civil Procedure.

Dated:  March 5, 2020                          Respectfully submitted,


                                               /s/ Charles H. Wilson
                                               Charles H. Wilson (Attorney-in-Charge)
                                               Federal Bar No. 34581
                                               Texas State Bar No. 00797678
                                               LITTLER MENDELSON, P.C.
                                               1301 McKinney Street, Suite 1900
                                               Houston, Texas 77010
                                               Telephone: 713.652.4737
                                               Facsimile: 713.456.2481
                                               Email:  chawilson@littler.com

                                               **ATTORNEY FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of March, 2020, a true and correct copy of the foregoing document was duly served via email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:


Clif Alexander
clif@a2xlaw.com
Austin W. Anderson
austin@a2xlaw.com
Lauren E. Braddy
lauren@a2xlaw.com
Alan Clifton Gordon
cgordon@a2xlaw.com
Carter T. Hastings
carter@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

**ATTORNEYS FOR PLAINTIFF**


                                               /s/ Charles H. Wilson
                                               Charles H. Wilson


2

## DEFENDANT FRONTIER K2, LLC'S
## ANSWERS AND OBJECTIONS TO PLAINTIFF
## MILLARD GREEN'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:** Identify each person by name, address, and telephone number, who participated in any way other than in a purely clerical capacity, in preparing the answers to these interrogatories. If more than one person was so involved, describe for each such individual the information that person provided.

**ANSWER:**

Defendant objects to this request because it seeks the telephone numbers and addresses of current employees of Defendant who are considered clients of the undersigned. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981).

Subject to, and without waiving, the foregoing objection the following individuals provided information in preparation of the answers to these interrogatories:

1.    **Bill Killian**
       c/o Charles H. Wilson
       LITTLER MENDELSON, P.C.
       1301 McKinney St., Suite 1900
       Houston, Texas 77010
       Telephone: (713) 951-9400

2.    **Billy Killian, III**
       c/o Charles H. Wilson
       LITTLER MENDELSON, P.C.
       1301 McKinney St., Suite 1900
       Houston, Texas 77010
       Telephone: (713) 951-9400

3.    **Mike Nelson**
       c/o Charles H. Wilson
       LITTLER MENDELSON, P.C.
       1301 McKinney St., Suite 1900
       Houston, Texas 77010
       Telephone: (713) 951-9400

**INTERROGATORY NO. 2:** Identify each person who is likely to have discoverable information regarding the claims and defenses of any party to this lawsuit, along with the subjects of that information. This includes, but is not limited to, Plaintiff, Opt-in Plaintiffs, their co-workers, supervisors and other persons employed by you or by a third party that may have knowledge of any Plaintiffs employment or working relationship with you, such as work duties,

3

conditions, hours, pay, and the creation, implementation, and continued ratification of the pay practices at issue, including but not limited to the automatic meal-period deduction.

**ANSWER:**

Defendant objects to this request because it seeks the telephone numbers and addresses of current employees of Defendant who are considered clients of the undersigned. *See Upjohn Co. v. United States*, 449 U.S. 383 (1981).

Subject to, and without waiving, the foregoing objection the following individuals are likely to have knowledge of information relevant to the claims and defenses of the parties including the employment or working relationship between Plaintiff/Opt-in Plaintiffs and Defendant, the work duties, work conditions, work hours, and pay of Plaintiff and Opt-in Plaintiffs, and the creation, implementation, and continued ratification of the pay practices at issue, including but not limited to the automatic meal-period deduction:

1. **Bill Killian**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

2. **Billy Killian, III**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

3. **Michael Giampetro**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

4. **Norma Lozano**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

4

5. **Alvaro Calderon**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

6. **Mike Nelson**
   c/o Charles H. Wilson
   LITTLER MENDELSON, P.C.
   1301 McKinney St., Suite 1900
   Houston, Texas 77010
   Telephone: (713) 951-9400

**INTERROGATORY NO. 3:** Have any documents (including those maintained electronically) relating to the wage and overtime payments of Plaintiff and Opt-in Plaintiffs, the wage and overtime policies and procedures for Plaintiff and Opt-in Plaintiffs, your initial or supplemental Federal Rule of Civil Procedure 26(a) required disclosures, or any of your responses to an interrogatory, request for production, or request for admission been destroyed, discarded, or otherwise disposed of? If so, please identify such document by general description of contents, date of destruction, and reason for destruction.

**ANSWER:**

Certain route sheets reflecting routes driven before August 2017 by Plaintiff and/or Opt-In Plaintiffs were destroyed during Hurricane Harvey in August 2017.

**INTERROGATORY NO. 4:** State how many hours, by date, Plaintiff and each Opt-in Plaintiff worked during each work week in the relevant time-period. In doing so, state which day of the week you used to designate as the beginning of the work week. If you are unable to determine this answer with specificity, please provide your best estimate.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 5:** Identify the (a) job title, (b) job duties, and (c) rates of pay for Plaintiff and the Opt-in Plaintiffs at any time during the relevant window of recovery.

5

## ANSWER:

| Name | Job Title/Duties | Rates of Pay |
|------|------------------|--------------|
| Green, Millard | Driver | 17.00 / 19.50 |
| Haynes, Donald | Driver | 18.00 |
| Martinez, Johnnie | Driver | 17.00 |
| Perez, Gilbert | Driver | 17.00 |
| Rhea, Cecil | Driver | 18.00 / 19.50 |
| Story, James | Driver | 19.00 |
| Watson, Terrance | Driver | N/A |

Plaintiff Green's initial hourly rate was 17.00/hour and he eventually earned 19.50/hour. Opt-In Plaintiff Rhea initial earned 18.00/hour and he eventually earned 19.50/hour.

**INTERROGATORY NO. 6:** Identify and describe all wages, bonuses, fringe benefits, and any other form of compensation that you paid to Plaintiff and the Opt-in Plaintiffs during the relevant time-period.

## ANSWER:

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 7:** Identify and describe your policies and procedures regarding timekeeping, automatic deductions, and wage and overtime payments to Plaintiff during the relevant time period (that is, through the present) by providing: (a) the date of implementation of your initial policies and procedures during this period; and (b) a description of any change(s) to such policies and procedures during this period and the date(s) that such changes were implemented.

## ANSWER:

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 8:** Describe all of your reasonable, good-faith efforts to comply with, and not violate the FLSA, and your reasonable grounds for believing that your actions or inactions or omissions were not in violation of the FLSA.

## ANSWER:

Defendant implemented procedures, reflected in the documents produced, prohibiting the failure to pay for all time worked, included during meal-breaks. Such procedures, among other things, required Plaintiff and Opt-In Plaintiffs to promptly report any work time not paid for or reflected in time records.

6

**INTERROGATORY NO. 9:** Describe why you did not willfully violate the FLSA.

**ANSWER:**

Defendant implemented procedures, reflected in the documents produced, prohibiting the failure to pay for all time worked, included during meal-breaks. Such procedures, among other things, required Plaintiff and Opt-In Plaintiffs to promptly report any work time not paid for or reflected in time records. Defendant pays for all time worked and Plaintiff and Opt-In Plaintiffs did not report working during a meal break or missing meal breaks because of work required by Defendant.

**INTERROGATORY NO. 10:** Identify all claims, notices of claims, investigations, inquiries, and lawsuits involving you where an allegation was made that you failed to provide employees proper wage and overtime pay by providing the following:

      a.     Name and address of all parties;

      b.     The job titles or class of employees involved;

      c.     The names and address of the attorney representing the plaintiff/complainant;

      d.     The substance of the facts alleged;

      e.     If no suit was filed, the date on which you received notice of the claim;

      f.     If suit was filed, the date of filing and court and case number;

      g.     The disposition; and

      h.     The name and address of the person having custody of all records related to the matter.

**ANSWER:**

None.

**INTERROGATORY NO. 11:** Have you been the subject of any federal or state governmental investigation or inquiry for failure to comply with federal or state laws concerning payment of wages and overtime, including but not limited to the FLSA? If so, for each such investigation or inquiry, please provide:

      a.     The date of the investigation or inquiry;

      b.     The entity and/or governmental agency involved;

      c.     The job titles or class of employees involved;

7

d.    The documents sent to the government agency; and

e.    The documents received by the government agency.

**ANSWER:**

No.

**INTERROGATORY NO. 12:** Describe Frontier K2, LLC's corporate structure, identifying the different positions in the chain of command from those individuals who drive waste disposal trucks on Frontier K2, LLC's behalf, to the most senior individual at Frontier K2, LLC.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 13:** Do you claim that any "good faith" defense may be applicable to one or more claims made against you in this matter? If so, please state the factual and legal basis for your contention. A "good faith" defense, as used in the above interrogatory, includes those defenses set forth in Section 10 and 11 of the Portal to Portal Act, 29 U.S.C. §§ 259(a), and 260.

**ANSWER:**

Defendant implemented procedures, reflected in the documents produced, prohibiting the failure to pay for all time worked, included during meal-breaks. Such procedures required Plaintiff and Opt-In Plaintiffs to promptly report any work time not paid for or reflected in time records. Defendant pays for all time worked and Plaintiff and Opt-In Plaintiffs did not report working during a meal break or missing meal breaks because of work required by Defendant.

**INTERROGATORY NO. 14:** Do you claim that any classification, "good faith" defense (as defined in the preceding interrogatory), or policy or procedure regarding the payment of wages and overtime to Plaintiff was undertaken on the advice of legal counsel? If so, please provide the following:

a.    The identity of all officers or employees relying upon advice of legal counsel;

b.    The identity of legal counsel upon whose advise you relied;

c.    The date and subject of all meetings and communications with your legal counsel related to the claims as well as the identity of all persons present or involved; and

d.    The identity of all documents related to your reliance on legal counsel.

**ANSWER:**

No.

**INTERROGATORY NO. 15:** Identify all current and former directors, members, officers, general managers, operational managers, safety managers, division supervisors, payroll supervisors, payroll processors, CFOs, driver dispatch personnel and all driver service coordinator employees employed at each of Frontier K2, LLC's facilities at which a Plaintiff or Opt-in Plaintiff has been employed, within the past 4 years by name, dates of employment and facility location (including address). In the case of former employees, your answer should include the last known address, home telephone number(s), mobile telephone number(s) and email address(es).

**ANSWER:**

Defendant objects to this request because it is overly broad, seeks irrelevant confidential/private information, and is not proportional to the needs of the case. Subject to, and without waiving these objections, see Answer to Interrogatory No. 2.

**INTERROGATORY NO. 16:** Identify and describe how Frontier K2, LLC's waste disposal drivers are monitored while in the line of business by explaining specifically: (a) how their routes are assigned; (b) how their route lengths and stops are logged; and (c) how GPS monitoring is tracked in connection with their route lengths and stops.

**ANSWER:**

Drivers are: (a) assigned routes based on skill set; (b) each driver is required to log mileage on daily route sheets and other relevant information; and (c) GPS data can be obtained for drivers reflecting the length of routes and stops.

**INTERROGATORY NO. 17:** Identify all current and former employees of Frontier K2, LLC, or third party companies, charged with collecting, analyzing, supervising and/or monitoring the GPS data for all Frontier K2, LLC's trucks.

**ANSWER:**

Mike Nelson, Bill Killian, and Billy Killian, III.

**INTERROGATORY NO. 18:** Identify and describe your policies and procedures on automatic lunch time deductions for Frontier K2, LLC's truck drivers and how these deductions reflect the actual and accurate time taken while the truck drivers were on a lunch break.

9

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

**INTERROGATORY NO. 19:**  Identify and describe your policies and procedures on automatic weekly deductions for Frontier K2, LLC's truck drivers and how these deductions reflect the actual and accurate time the truck drivers were not working.

**ANSWER:**

Pursuant to Rule 33(d), Defendant produces/will produce documents responsive to this request.

4812-3856-2738.3 102083.1001

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and** | § | |
| **on behalf of all others similarly situated,** | § | |
| | § | |
| **Plaintiff,** | § | **Civil Action No. 4:19-cv-332** |
| | § | |
| **v.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FRONTIER K2, LLC and** | § | |
| **K2 WASTE SOLUTIONS, LLC d/b/a** | § | |
| **LT's GARBAGE SERVICE,** | § | |
| | § | **COLLECTIVE ACTION** |
| **Defendants.** | § | **PURSUANT TO 29 U.S.C. § 216(b)** |

## <u>VERIFICATION</u>

My name is  *Bill Killian* I have reviewed Defendant Frontier K2, LLC's Answers

and Objections to Plaintiff Millard Green's First Set of Interrogatories.  The factual statements I

have knowledge of are true and correct based on my personal knowledge and/or my review of

company records.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of ___February___, 2020.

2/25/2020

SHERRY MAYES
My Notary ID # 129224971
Expires December 5, 2020

Sherry Mayes
25th day of February, 2020

10

# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:19-cv-332** |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, and K2 WASTE SOLUTIONS, LLC d/b/a LT's GARBAGE SERVICE,** | § § § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | § § | |

### DEFENDANT K2 WASTE SOLUTIONS, LLC D/B/A
### LT'S GARBAGE SERVICE'S RESPONSES AND OBJECTIONS TO
### PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff, Millard Green, by and through his attorneys of record, Clif Alexander, Austin W. Anderson, Lauren E. Braddy, Alan Clifton Gordon, and Carter T. Hastings, ANDERSON ALEXANDER, PLLC, 819 N. Upper Broadway, Corpus Christi, Texas 78401

Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service (collectively "Defendants" or "Frontier") serves their Responses and Objections to Plaintiff Millard Green's ("Green" or "Plaintiff") First Request for Production under the Federal Rules of Civil Procedure.

Dated:  March 5, 2020                        Respectfully submitted,


                                        /s/ Charles H. Wilson
                                        Charles H. Wilson (Attorney-in-Charge)
                                        Texas State Bar No. 00797678
                                        Federal Bar No. 34581
                                        LITTLER MENDELSON, P.C.
                                        1301 McKinney Street, Suite 1900
                                        Houston, Texas  77010
                                        Telephone: 713.652.4737
                                        Facsimile: 713.456.2481
                                        Email:  chawilson@littler.com

                                        **ATTORNEY FOR DEFENDANTS**


## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of March, 2020, a true and correct copy of the foregoing document was duly served via email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:


Clif Alexander
clif@a2xlaw.com
Austin W. Anderson
austin@a2xlaw.com
Lauren E. Braddy
lauren@a2xlaw.com
Alan Clifton Gordon
cgordon@a2xlaw.com
Carter T. Hastings
carter@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

**ATTORNEYS FOR PLAINTIFF**


                                        /s/ Charles H. Wilson
                                        Charles H. Wilson


2

**DEFENDANTS K2 WASTE SOLUTIONS, LLC D/B/A
LT'S GARBAGE SERVICE'S RESPONSES AND OBJECTIONS TO
PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** The documents containing discoverable information regarding the claims and defenses of any party to this lawsuit.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 2:** The documents identified or referenced in your Initial Disclosures.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 3:** The documents identified or referenced in your answers to Plaintiff's Interrogatories.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

Subject to, and without waiving, the foregoing objections, see documents produced.

**REQUEST FOR PRODUCTION NO. 4:** The documents identified or referenced in your responses to Plaintiff's Requests for Admission.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 5:** The documents that support or evidence any of the facts that support your Initial Disclosures and/or any Supplemental Disclosures.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 6:** The documents that support or evidence any of the facts that support your responses to Plaintiff's Interrogatories.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 7:** The documents that support or evidence any of the facts that support your responses to Plaintiff's Requests for Admission.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 8:** The photographs, films, video tapes, video images, audio tapes, and electronic recordings of any kind involving Plaintiff, specifically including the video images from the interior of the vehicles.

> **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Subject to, and without waiving, the foregoing objection, Defendant will produce video responsive to this request as soon as it become available.

**REQUEST FOR PRODUCTION NO. 9:** The documents, items, and things that you intend to offer into evidence at trial of this matter.

4

**RESPONSE:** Defendant objects to this request under FRCP 26(b)(3)(A) because it seeks information and documents containing the mental impressions, conclusions, opinions, or legal theories of defendant's attorney concerning this litigation. Defendant further objects to this request because it is premature; trial exhibits will be disclosed in accordance with the Court's scheduling order and Rule 26.

**REQUEST FOR PRODUCTION NO. 10:** The documents sent by you or, received by you from, any person who may be called to give expert testimony.

**RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 11:** The documents sent by you to, or received by you from, any consulting expert on whom any person who may be called to give expert testimony relies, in or in part, including periodicals, treatises, and pamphlets.

**RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 12:** The full file of any person whom you can call to testify as an expert in this matter. This request specifically includes:

a.    Documents and tangible reports, physical models, compilations of data, and other material prepared by each such expert and/or for each such expert;

b.    Documents containing the factual observations, tests, supporting data, calculations, photographs, and/or opinions of each such expert; and

c.    The expert's current curriculum vitae.

**RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 13:** The documents containing written or oral communications to any person that are related to the subject matter of this litigation (including e-mails and other materials maintained electronically). This request seeks only those documents, or those portions of the same, not protected by attorney-client and work-product privileges.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 14:** The documents reflecting your retention policy for documents (physical, electronic or otherwise) during the relevant time-period.

5

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 15:** Your organizational directories during the relevant time-period.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 16:** The transcripts, minutes, written reports, audio or video recordings, or any other documents generated in connection with any meeting of your officers or employees related to the classification, job duties, and/or payment practices and policies applicable to Plaintiff and Opt-in Plaintiffs.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 17:** The documents exchanged with local, state, and/or federal government agencies related to the wage and overtime pay claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders and/or reports.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 18:** The documents exchanged with local, state, and/or federal government agencies related to allegations regarding failure to properly pay wages and overtime pay other than those claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders and reports.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 19:** The documents recording or evidencing notices of claims or complaints (whether written or oral) concerning your failure to pay wages or overtime to Plaintiff, Opt-in Plaintiffs, or any other of your employees. This search for such documents should include, but should not be limited to, reports from/to employees, filed managers, and office personnel, as well as inquiries from and reports to local, state, and federal government entities.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 20:** Produce the following documents for each instance of litigation involving claims of your failure to properly pay wages and overtime pay:

    a.     Reports (including curriculum vitae) of experts retained by you

    b.     Your expert deposition transcripts;

    c.     Transcripts of trial;

    d.     Your trial exhibit lists;

e.    The plaintiffs' trial exhibit lists; and

f.    The plaintiffs' most recent complaint/petition.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 21:** The documents produced by you in other litigation involving claims of your failure to pay wages and overtime, whether under the FLSA or otherwise, whether in state or federal court or in arbitration, and irrespective of the current stage of litigation, including those matters still pending and those in which a final judgment or a dismissal has been entered.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 22:** The documents contained within the complete employee file for Plaintiff and Opt-in Plaintiffs, including but not limited to their full employment records, payroll records, performance evaluations, adverse actions, printed or electronic correspondence, employment agreements, arbitration agreements, timesheets, and reimbursements.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 23:** The documents contained within the complete hiring packet for Plaintiff and Opt-in Plaintiffs, including but not limited to the job posting, employment application, submitted resume, offer of employment, and employment agreement.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 24:** The documents that contain your corporate policies and procedures regarding efforts to comply with the FLSA and associated regulations.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 25:** The documents maintained by you in order to meet any record-keeping requirements of the FLSA, including but not limited to those documents enumerated in 29 U.S.C. § 211(c) and 29 C.F.R. §§ 516, *et. seq.*

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 26:** The job posting for any positions ultimately filled by Plaintiff or Opt-in Plaintiff.

**RESPONSE:** None.

7

**REQUEST FOR PRODUCTION NO. 27:** The payroll records for each Plaintiff for the relevant time-period.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 28:** The pay stubs for each Plaintiff for the relevant time period.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 29:** The documents reflecting any payment to a Plaintiff that you allege entitles you to an offset.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 30:** The documents containing records of all hours worked by each Plaintiff during the relevant time-period, including but not limited to time cards, time sheets, worksheets, and invoices.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 31:** The documents relating the job duties of each Plaintiff during the relevant time-period.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 32:** Please produce any and all documents, emails, attachments to emails, data, and electronically stored information in its native format in your possession, custody or control that concern, discuss, or relate to all job-related policies and/or procedures which each Plaintiff had to comply with at any time during the relevant window of recovery.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 33:** The employee handbooks, training programs, and any other documents provided to each Plaintiff which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 34:** The employee handbooks, training programs, and any other documents provided to each Plaintiff which contain policies and procedures regarding the recording and/or payment of wages, bonuses, time worked, and overtime.

**RESPONSE:** See documents produced.

8

**REQUEST FOR PRODUCTION NO. 35:**  The documents, such as receipts or signature forms, reflecting each Plaintiff's acknowledgement of employee handbooks, training programs, or other documents containing corporate policies and procedures, codes of conduct, or guidelines of any kind.

**RESPONSE:**  See documents produced.

**REQUEST FOR PRODUCTION NO. 36:**  The documents containing a review of each Plaintiff's performance during the relevant time period.

**RESPONSE:**  See documents produced.

**REQUEST FOR PRODUCTION NO. 37:**  The documents that reflect each Plaintiff's termination.

**RESPONSE:**  See documents produced.

**REQUEST FOR PRODUCTION NO. 38:**  The documents that reflect any adverse employment action taken by you in regard to each Plaintiff.

**RESPONSE:**  See documents produced.

**REQUEST FOR PRODUCTION NO. 39:**  The documents containing any internal decision-making, correspondence, review, performance appraisal, memorandum, study or other evidence related to your decision to take any adverse employment action in regard to each Plaintiff.

**RESPONSE:**  See documents produced.

**REQUEST FOR PRODUCTION NO. 40:**  The documents containing or representing any settlement agreement with a Plaintiff or Opt-in Plaintiff regarding the payment of wages or overtime during the relevant time-period.

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO. 41:**  The documents that relate, refer to, or evidence any offer (such as an offer of employment) that you made or induced a class member (whether directly or through a third party) in exchange for agreeing not to pursue a claim against you in this case.

**RESPONSE:**  None.

**REQUEST FOR PRODUCTION NO. 42:**  Produce a true and correct copy of all written and/or recorded witness statements obtained in connection with your investigation in the factual bases of the above captioned lawsuit under which these discovery requests are served.  The request also includes any statement(s) obtained by you that relates in any way to any affirmative defense advanced by Defendants in the lawsuit.

9

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 43:** Produce the employee handbooks, training programs, and any other documents provided to Plaintiff and Opt-in Plaintiffs which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 44:** Produce the employee handbooks, training programs, and any other documents provided to Plaintiff and Opt-in Plaintiffs which contain policies and procedures regarding the recording and//payment of wages, bonuses, time worked, and overtime.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 45:** Produce any and all pay plans applicable to Plaintiff and Opt-in Plaintiff during the relevant window of recovery.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 46:** Produce the GPS data for every route driven by Plaintiff or Opt-in Plaintiffs during the relevant time period.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 47:** The completed IRS Form W-2 received by you and filed by you, or maintained by you for each Plaintiff and Opt-in Plaintiff.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 48:** Any documents you will rely upon to prove you acted in good faith.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 49:** Any documents you will rely upon to prove that you did not act willfully in violating the FLSA.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 50:** Please produce all statements, questionnaires, declarations and/or affidavits that you have obtained from any person or company with respect to this litigation.

**RESPONSE:** None other than policy acknowledgements, which are being produced.

10

**REQUEST FOR PRODUCTION NO. 51:** Produce all GPS tracking records for vehicles driven by each Plaintiff during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 52:** Produce all records you contend show that a Plaintiff took an undisturbed thirty-minute break for any and all days during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 53:** Produce all complaints, reports, or other documents submitted by Plaintiff or Opt-in Plaintiff concerning unpaid work.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 54:** Produce all records you contend show that a Plaintiff took an undisturbed thirty-minute break for any and all days during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 55:** Produce all complaints, reports, or other documents submitted by any Plaintiff, opt-in plaintiff, or Putative Class Member concerning unpaid work.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 56:** Produce a list of all of your active Waste Disposal Vehicles. Include a description of the type of Waste Disposal Vehicle it is (Roll-Off, Side Loader, Front Loader, etc), the license plate, year, time period it was or has been in use since, and a list of all Waste Disposal Drivers who used it during the relevant window of recovery. In this context active means any Waste Disposal Vehicle that is currently being driven/used or has been driven/used within the relevant window of recovery.

    **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. The identities and descriptions of the trucks driven by Plaintiff and Opt-In Plaintiff will not prove or disprove whether they worked through a meal break.

**REQUEST FOR PRODUCTION NO. 57:** Produce a list of all of your inactive Waste Disposal Vehicles, include a description of the type of Waste Disposal Vehicle it is (Roll-Off, Side Loader, Front Loader, etc), the license plate, and year. In this context inactive means any Waste Disposal Vehicle that is not currently being driven/used and has not been driven/used within the relevant window of recovery.

    **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties.

11

Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. The identities and descriptions of the trucks driven by Plaintiff and Opt-In Plaintiff will not prove or disprove whether they worked through a meal break.

**REQUEST FOR PRODUCTION NO. 58:** Produce a copy of all routes run or managed by Your Company.

> **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case because it is not limited to the routes driven by Plaintiffs and Opt-In Plaintiffs.   Subject to, and without waiving the foregoing objections, see documents produced.

**REQUEST FOR PRODUCTION NO. 59:** Produce   each   Plaintiff's   Department   of Transportation logbooks.

> **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 60:** Produce the purchase orders or receipts for all GPS tracking devices Your Company has purchased for vehicles driven by Plaintiffs during the relevant window of recovery.

> **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. The receipts and purchase orders for all GPS tracking devices will not prove or disprove whether Plaintiff and Opt-In Plaintiffs worked through automatically deducted meal breaks as alleged.

**REQUEST FOR PRODUCTION NO. 61:** Produce a true and correct copy of all documents, including email correspondence, prepared or received by any officer, director, manager, supervisor, dispatcher, employee or other representative of LT's Garbage Service (excluding such emails and documents prepared or received by Defendant's attorneys in connection with this lawsuit) concerning the following subject matters or topics from 2015 through the present:

a.      day rate,
b.      day pay,
c.      job pay,
d.      job rate,
e.      lift pay,
f.      lift rate,
g.      can pay,
h.      can rate,
i.      yards rate,
j.      yards pay,

k.      extra pay,
l.      extra rate,
m.      hourly pay,
n.      hourly rate,
o.      overtime pay,
p.      overtime rate,
q.      incentive pay,
r.      incentive rate,
s.      Chinese overtime,
t.      regular rate,
u.      off the clock,
v.      pre trip,
w.      post trip,
x.      driver(s) log(s),
y.      route sheet,
z.      on duty time,
aa.     off duty time,
bb.     driving time,
cc.     meal time,
dd.     meal periods,
ee.     breaks,
ff.     lunch period,
gg.     lunch break,
hh.     clocking in,
ii.     clocking out,
jj.     time clock adjustments,
kk.     Manual adjustments,
ll.     driver(s) hour(s),
mm.     safety meetings,
nn.     time adjustments,
oo.     calculating overtime,
pp.     calculating regular rate,
qq.     Department of Labor,
rr.     methods of calculating overtime,
ss.     methods of calculating regular rate,
tt.     calculating drivers' regular rate,
uu.     calculating drivers' overtime rate,
vv.     changing or editing driver logs,
ww.     Driver deduction logs,
xx.     pay formulas,
yy.     accuracy of overtime,
zz.     overtime formulas,
aaa.    Regular rate formulas,
bbb.    supervisors or managers clocking out drivers,
ccc.    wage violation(s),

13

    ddd.    FLSA violation(s),
    eee.    Driver down time.

**RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. Defendant objects to this request under FRCP 26(b)(2)(C)(i) because it seeks documents and information that are unreasonably cumulative or duplicative of other requests.

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:19-cv-332** |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, and K2 WASTE SOLUTIONS, LLC d/b/a LT's GARBAGE SERVICE,** | § § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | § § | |

### DEFENDANT FRONTIER K2, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR PRODUCTION

TO:    Plaintiff, Millard Green, by and through his attorneys of record, Clif Alexander, Austin W. Anderson, Lauren E. Braddy, Alan Clifton Gordon, and Carter T. Hastings, ANDERSON ALEXANDER, PLLC, 819 N. Upper Broadway, Corpus Christi, Texas 78401

Defendant Frontier K2, LLC ("Defendant" or "Frontier") serves its Responses and Objections to Plaintiff's ("Green" or "Plaintiff") First Request for Production under the Federal Rules of Civil Procedure.

Dated:  March 5, 2020                          Respectfully submitted,

                                              /s/ Charles H. Wilson
                                              Charles H. Wilson (Attorney-in-Charge)
                                              Texas State Bar No. 00797678
                                              Federal Bar No. 34581
                                              LITTLER MENDELSON, P.C.
                                              1301 McKinney Street, Suite 1900
                                              Houston, Texas  77010
                                              Telephone: 713.652.4737
                                              Facsimile: 713.456.2481
                                              Email:  chawilson@littler.com

                                              **ATTORNEY FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of March, 2020, a true and correct copy of the foregoing document was duly served via email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:

Clif Alexander
clif@a2xlaw.com
Austin W. Anderson
austin@a2xlaw.com
Lauren E. Braddy
lauren@a2xlaw.com
Alan Clifton Gordon
cgordon@a2xlaw.com
Carter T. Hastings
carter@a2xlaw.com
ANDERSON ALEXANDER, PLLC
819 N. Upper Broadway
Corpus Christi, Texas 78401

**ATTORNEYS FOR PLAINTIFF**

                                              /s/ Charles H. Wilson
                                              Charles H. Wilson

2

**DEFENDANT FRONTIER K2, LLC'S RESPONSES AND OBJECTIONS TO
PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:** The documents containing discoverable information regarding the claims and defenses of any party to this lawsuit.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 2:** The documents identified or referenced in your Initial Disclosures.

> **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 3:** The documents identified or referenced in your answers to Plaintiff's Interrogatories.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

> Subject to, and without waiving, the foregoing objections, see documents produced.

**REQUEST FOR PRODUCTION NO. 4:** The documents identified or referenced in your responses to Plaintiff's Requests for Admission.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 5:** The documents that support or evidence any of the facts that support your Initial Disclosures and/or any Supplemental Disclosures.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 6:** The documents that support or evidence any of the facts that support your responses to Plaintiff's Interrogatories.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 7:** The documents that support or evidence any of the facts that support your responses to Plaintiff's Requests for Admission.

**RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 8:** The photographs, films, video tapes, video images, audio tapes, and electronic recordings of any kind involving Plaintiff, specifically including the video images from the interior of the vehicles.

**RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Subject to, and without waiving, the foregoing objection, Defendant will produce video responsive to this request as soon as it become available.

**REQUEST FOR PRODUCTION NO. 9:** The documents, items, and things that you intend to offer into evidence at trial of this matter.

**RESPONSE:** Defendant objects to this request under FRCP 26(b)(3)(A) because it seeks information and documents containing the mental impressions, conclusions, opinions, or legal theories of defendant's attorney concerning this litigation. Defendant

4

further objects to this request because it is premature; trial exhibits will be disclosed in accordance with the Court's scheduling order and Rule 26.

**REQUEST FOR PRODUCTION NO. 10:** The documents sent by you or, received by you from, any person who may be called to give expert testimony.

> **RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 11:** The documents sent by you to, or received by you from, any consulting expert on whom any person who may be called to give expert testimony relies, in or in part, including periodicals, treatises, and pamphlets.

> **RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 12:** The full file of any person whom you can call to testify as an expert in this matter. This request specifically includes:

> a.    Documents and tangible reports, physical models, compilations of data, and other material prepared by each such expert and/or for each such expert;
>
> b.    Documents containing the factual observations, tests, supporting data, calculations, photographs, and/or opinions of each such expert; and
>
> c.    The expert's current curriculum vitae.

> **RESPONSE:** None at this time.

**REQUEST FOR PRODUCTION NO. 13:** The documents containing written or oral communications to any person that are related to the subject matter of this litigation (including e-mails and other materials maintained electronically). This request seeks only those documents, or those portions of the same, not protected by attorney-client and work-product privileges.

> **RESPONSE:** Defendant objects to this request because it lacks reasonable particularity. Thus, Defendant's obligation to produce responsive documents has not been triggered. *Kidwiler v. Progressive Paloverde Ins.*, 192 F.R.D. 193, 202 (N.D.W.Va.2000)(A request is not reasonably particular if it merely asks for documents related to a claim or defense in the litigation); *Holland v. Muscatine Gen. Hosp.*, 971 F.Supp. 385, 392 (S.D.Iowa 1997) (request asking for "all papers" relied on in answering set of interrogatories did not describe documents with reasonable particularity).

**REQUEST FOR PRODUCTION NO. 14:** The documents reflecting your retention policy for documents (physical, electronic or otherwise) during the relevant time-period.

> **RESPONSE:** None.

5

**REQUEST FOR PRODUCTION NO. 15:** Your organizational directories during the relevant time-period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 16:** The transcripts, minutes, written reports, audio or video recordings, or any other documents generated in connection with any meeting of your officers or employees related to the classification, job duties, and/or payment practices and policies applicable to Plaintiff and Opt-in Plaintiffs.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 17:** The documents exchanged with local, state, and/or federal government agencies related to the wage and overtime pay claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders and/or reports.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 18:** The documents exchanged with local, state, and/or federal government agencies related to allegations regarding failure to properly pay wages and overtime pay other than those claims made the subject of this lawsuit, including but not limited to investigative materials, findings, questionnaires, orders and reports.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 19:** The documents recording or evidencing notices of claims or complaints (whether written or oral) concerning your failure to pay wages or overtime to Plaintiff, Opt-in Plaintiffs, or any other of your employees. This search for such documents should include, but should not be limited to, reports from/to employees, filed managers, and office personnel, as well as inquiries from and reports to local, state, and federal government entities.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 20:** Produce the following documents for each instance of litigation involving claims of your failure to properly pay wages and overtime pay:

    a.    Reports (including curriculum vitae) of experts retained by you;

    b.    Your expert deposition transcripts;

    c.    Transcripts of trial;

    d.    Your trial exhibit lists;

6

e.    The plaintiffs' trial exhibit lists; and

f.    The plaintiffs' most recent complaint/petition.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 21:** The documents produced by you in other litigation involving claims of your failure to pay wages and overtime, whether under the FLSA or otherwise, whether in state or federal court or in arbitration, and irrespective of the current stage of litigation, including those matters still pending and those in which a final judgment or a dismissal has been entered.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 22:** The documents contained within the complete employee file for Plaintiff and Opt-in Plaintiffs, including but not limited to their full employment records, payroll records, performance evaluations, adverse actions, printed or electronic correspondence, employment agreements, arbitration agreements, timesheets, and reimbursements.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 23:** The documents contained within the complete hiring packet for Plaintiff and Opt-in Plaintiffs, including but not limited to the job posting, employment application, submitted resume, offer of employment, and employment agreement.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 24:** The documents that contain your corporate policies and procedures regarding efforts to comply with the FLSA and associated regulations.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 25:** The documents maintained by you in order to meet any record-keeping requirements of the FLSA, including but not limited to those documents enumerated in 29 U.S.C. § 211(c) and 29 C.F.R. §§ 516, *et. seq.*

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 26:** The job posting for any positions ultimately filled by Plaintiff or Opt-in Plaintiff.

**RESPONSE:** None.

7

**REQUEST FOR PRODUCTION NO. 27:** The payroll records for each Plaintiff for the relevant time-period.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 28:** The pay stubs for each Plaintiff for the relevant time period.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 29:** The documents reflecting any payment to a Plaintiff that you allege entitles you to an offset.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 30:** The documents containing records of all hours worked by each Plaintiff during the relevant time-period, including but not limited to time cards, time sheets, worksheets, and invoices.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 31:** The documents relating the job duties of each Plaintiff during the relevant time-period.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 32:** Please produce any and all documents, emails, attachments to emails, data, and electronically stored information in its native format in your possession, custody or control that concern, discuss, or relate to all job-related policies and/or procedures which each Plaintiff had to comply with at any time during the relevant window of recovery.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 33:** The employee handbooks, training programs, and any other documents provided to each Plaintiff which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 34:** The employee handbooks, training programs, and any other documents provided to each Plaintiff which contain policies and procedures regarding the recording and/or payment of wages, bonuses, time worked, and overtime.

 **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 35:** The documents, such as receipts or signature forms, reflecting each Plaintiff's acknowledgement of employee handbooks, training programs, or other documents containing corporate policies and procedures, codes of conduct, or guidelines of any kind.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 36:** The documents containing a review of each Plaintiff's performance during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 37:** The documents that reflect each Plaintiff's termination.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 38:** The documents that reflect any adverse employment action taken by you in regard to each Plaintiff.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 39:** The documents containing any internal decision-making, correspondence, review, performance appraisal, memorandum, study or other evidence related to your decision to take any adverse employment action in regard to each Plaintiff.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 40:** The documents containing or representing any settlement agreement with a Plaintiff or Opt-in Plaintiff regarding the payment of wages or overtime during the relevant time-period.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 41:** The documents that relate, refer to, or evidence any offer (such as an offer of employment) that you made or induced a class member (whether directly or through a third party) in exchange for agreeing not to pursue a claim against you in this case.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 42:** Produce a true and correct copy of all written and/or recorded witness statements obtained in connection with your investigation in the factual bases of the above captioned lawsuit under which these discovery requests are served. The request also includes any statement(s) obtained by you that relates in any way to any affirmative defense advanced by Defendants in the lawsuit.

9

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 43:** Produce the employee handbooks, training programs, and any other documents provided to Plaintiff and Opt-in Plaintiffs which contain corporate policies and procedures, codes of conduct, or guidelines of any kind.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 44:** Produce the employee handbooks, training programs, and any other documents provided to Plaintiff and Opt-in Plaintiffs which contain policies and procedures regarding the recording and//payment of wages, bonuses, time worked, and overtime.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 45:** Produce any and all pay plans applicable to Plaintiff and Opt-in Plaintiff during the relevant window of recovery.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 46:** Produce the GPS data for every route driven by Plaintiff or Opt-in Plaintiffs during the relevant time period.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 47:** The completed IRS Form W-2 received by you and filed by you, or maintained by you for each Plaintiff and Opt-in Plaintiff.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 48:** Any documents you will rely upon to prove you acted in good faith.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 49:** Any documents you will rely upon to prove that you did not act willfully in violating the FLSA.

**RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 50:** Please produce all statements, questionnaires, declarations and/or affidavits that you have obtained from any person or company with respect to this litigation.

**RESPONSE:** None other than policy acknowledgements, which are being produced.

10

**REQUEST FOR PRODUCTION NO. 51:** Produce all GPS tracking records for vehicles driven by each Plaintiff during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 52:** Produce all records you contend show that a Plaintiff took an undisturbed thirty-minute break for any and all days during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 53:** Produce all complaints, reports, or other documents submitted by Plaintiff or Opt-in Plaintiff concerning unpaid work.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 54:** Produce all records you contend show that a Plaintiff took an undisturbed thirty-minute break for any and all days during the relevant time period.

    **RESPONSE:** See documents produced.

**REQUEST FOR PRODUCTION NO. 55:** Produce all complaints, reports, or other documents submitted by any Plaintiff, opt-in plaintiff, or Putative Class Member concerning unpaid work.

    **RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 56:** Produce a list of all of your active Waste Disposal Vehicles. Include a description of the type of Waste Disposal Vehicle it is (Roll-Off, Side Loader, Front Loader, etc), the license plate, year, time period it was or has been in use since, and a list of all Waste Disposal Drivers who used it during the relevant window of recovery. In this context active means any Waste Disposal Vehicle that is currently being driven/used or has been driven/used within the relevant window of recovery.

    **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. The identities and descriptions of the trucks driven by Plaintiff and Opt-In Plaintiff will not prove or disprove whether they worked through a meal break.

**REQUEST FOR PRODUCTION NO. 57:** Produce a list of all of your inactive Waste Disposal Vehicles, include a description of the type of Waste Disposal Vehicle it is (Roll-Off, Side Loader, Front Loader, etc), the license plate, and year. In this context inactive means any Waste Disposal Vehicle that is not currently being driven/used and has not been driven/used within the relevant window of recovery.

    **RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties.

11

Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. The identities and descriptions of the trucks driven by Plaintiff and Opt-In Plaintiff will not prove or disprove whether they worked through a meal break.

**REQUEST FOR PRODUCTION NO. 58:** Produce a copy of all routes run or managed by Your Company.

**RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case because it is not limited to the routes driven by Plaintiffs and Opt-In Plaintiffs. Subject to, and without waiving the foregoing objections, see documents produced.

**REQUEST FOR PRODUCTION NO. 59:** Produce    each    Plaintiff's    Department    of Transportation logbooks.

**RESPONSE:** None.

**REQUEST FOR PRODUCTION NO. 60:** Produce the purchase orders or receipts for all GPS tracking devices Your Company has purchased for vehicles driven by Plaintiffs during the relevant window of recovery.

**RESPONSE:** Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. The receipts and purchase orders for all GPS tracking devices will not prove or disprove whether Plaintiff and Opt-In Plaintiffs worked through automatically deducted meal breaks as alleged.

**REQUEST FOR PRODUCTION NO. 61:** Produce a true and correct copy of all documents, including email correspondence, prepared or received by any officer, director, manager, supervisor, dispatcher, employee or other representative of Frontier K2, LLC (excluding such emails and documents prepared or received by Defendant's attorneys in connection with this lawsuit) concerning the following subject matters or topics from 2015 through the present:

    a.    day rate,
    b.    day pay,
    c.    job pay,
    d.    job rate,
    e.    lift pay,
    f.    lift rate,
    g.    can pay,
    h.    can rate,
    i.    yards rate,
    j.    yards pay,

12

k.    extra pay,
l.    extra rate,
m.    hourly pay,
n.    hourly rate,
o.    overtime pay,
p.    overtime rate,
q.    incentive pay,
r.    incentive rate,
s.    Chinese overtime,
t.    regular rate,
u.    off the clock,
v.    pre trip,
w.    post trip,
x.    driver(s) log(s),
y.    route sheet,
z.    on duty time,
aa.    off duty time,
bb.    driving time,
cc.    meal time,
dd.    meal periods,
ee.    breaks,
ff.    lunch period,
gg.    lunch break,
hh.    clocking in,
ii.    clocking out,
jj.    time clock adjustments,
kk.    Manual adjustments,
ll.    driver(s) hour(s),
mm.    safety meetings,
nn.    time adjustments,
oo.    calculating overtime,
pp.    calculating regular rate,
qq.    Department of Labor,
rr.    methods of calculating overtime,
ss.    methods of calculating regular rate,
tt.    calculating drivers' regular rate,
uu.    calculating drivers' overtime rate,
vv.    changing or editing driver logs,
ww.    Driver deduction logs,
xx.    pay formulas,
yy.    accuracy of overtime,
zz.    overtime formulas,
aaa.    Regular rate formulas,
bbb.    supervisors or managers clocking out drivers,
ccc.    wage violation(s),

13

ddd.   FLSA violation(s),
eee.   Driver down time.

**RESPONSE:**  Defendant objects to this request under FRCP 26(b)(1) because it seeks documents and information that are irrelevant to the claims or defenses of the parties. Defendant objects to this request under FRCP 26(b)(1) because it is not proportional to the needs of the case. Defendant objects to this request under FRCP 26(b)(2)(C)(i) because it seeks documents and information that are unreasonably cumulative or duplicative of other  requests.

14

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:19-cv-332** |
| **v.** | § § § | **JURY TRIAL DEMANDED** |
| **FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, and K2 WASTE SOLUTIONS, LLC d/b/a LT's GARBAGE SERVICE,** | § § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | § § | |

### DEFENDANT K2 WASTE SOLUTIONS, LLC D/B/A LT'S GARBAGE SERVICE'S RESPONSES AND OBJECTIONS TO PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR ADMISSION

TO:    Plaintiff, Millard Green, by and through his attorneys of record, Clif Alexander, Austin W. Anderson, Lauren E. Braddy, Alan Clifton Gordon, and Carter T. Hastings, Anderson Alexander, PLLC, 819 N. Upper Broadway, Corpus Christi, Texas 78401

Defendant K2 Waste Solutions, LLC d/b/a LT's Garbage Service (collectively "Defendants" or "Frontier") serves its Responses and Objections to Plaintiff Millard Green's ("Green" or "Plaintiff") First Request for Admission under the Federal Rules of Civil Procedure.

Dated: March 5, 2020                         Respectfully submitted,


                                             /s/ Charles H. Wilson
                                             Charles H. Wilson (Attorney-in-Charge)
                                             Texas State Bar No. 00797678
                                             Federal Bar No. 34581
                                             Littler Mendelson, P.C.
                                             1301 McKinney Street, Suite 1900
                                             Houston, Texas 77010
                                             Telephone: 713.652.4737
                                             Facsimile: 713.456.2481
                                             Email: chawilson@littler.com

                                             **Attorney for Defendants**


## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of March, 2020, a true and correct copy of the foregoing document was duly served via First Class mail, email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:


                       Clif Alexander
                       clif@a2xlaw.com
                       Austin W. Anderson
                       austin@a2xlaw.com
                       Lauren E. Braddy
                       lauren@a2xlaw.com
                       Alan Clifton Gordon
                       cgordon@a2xlaw.com
                       Carter T. Hastings
                       carter@a2xlaw.com
                       Anderson Alexander, PLLC
                       819 N. Upper Broadway
                       Corpus Christi, Texas 78401

                       **Attorneys for Plaintiff**


                                             /s/ Charles H. Wilson
                                             Charles H. Wilson


2

### DEFENDANT K2 WASTE SOLUTIONS, LLC D/B/A
### LT'S GARBAGE SERVICE'S RESPONSES AND OBJECTIONS TO
### PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR ADMISSION

#### REQUEST FOR ADMISSION NO. 1:

Admit that at all times during the relevant window of recovery you classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

**Response:** Admit.

#### REQUEST FOR ADMISSION NO. 2:

Admit that at all times during the relevant window of recovery you classified Opt-in Plaintiffs as non-exempt from the overtime requirements of the FLSA.

**Response:** Admit.

#### REQUEST FOR ADMISSION NO. 3:

Admit that at all times during the relevant window of recovery Plaintiff was (and is) entitled to overtime compensation for all hours worked over forty in a workweek.

**Response:** Admit.

#### REQUEST FOR ADMISSION NO. 4:

Admit that at all times during the relevant window of recovery Opt-in Plaintiffs were (and are) entitled to overtime compensation for all hours worked over forty in a workweek.

**Response:** Admit.

#### REQUEST FOR ADMISSION NO. 5:

Admit that at all times during the relevant window of recovery Plaintiff had a thirty-minute lunch break automatically deducted from his daily hours if Plaintiff worked less than twelve (12) hours in one day.

**Response:** Admit.

3

**REQUEST FOR ADMISSION NO. 6:**

Admit that at all times during the relevant window of recovery Opt-in-Plaintiffs had (and have) a thirty-minute lunch break automatically deducted from their daily hours if Opt-in-Plaintiffs worked less than twelve (12) hours in one day.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that at all times during the relevant window of recovery Plaintiff had a one-hour lunch break automatically deducted from his daily hours if Plaintiff worked more than twelve (12) hours in one day.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that at all times during the relevant window of recovery Opt-in-Plaintiffs had (and have) a one-hour lunch break automatically deducted from their daily hours if Opt-in-Plaintiffs worked more than twelve (12) hours in one day.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the waste disposal trucks driven by Plaintiff on your behalf were equipped with GPS.

**Response:** Defendant admits that as of March 2018, all trucks driven by Plaintiff were equipped with GPS and before March 2018, some trucks driven by Plaintiff were equipped with GPS.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the waste disposal trucks driven by Opt-in Plaintiffs on your behalf were equipped with GPS.

**Response:** Defendant admits that as of March 2018, all trucks driven by Opt-In Plaintiffs were equipped with GPS and before March 2018, some trucks driven by Opt-In Plaintiff were equipped with GPS.

4

**REQUEST FOR ADMISSION NO. 11:**

Admit that the waste disposal trucks driven by Plaintiff on your behalf was equipped with a video camera.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that the waste disposal trucks driven by Opt-in Plaintiffs on your behalf were equipped with a video camera.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that you knew Plaintiff did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 15:**

Admit that you knew Opt-in Plaintiffs did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 16:**

Admit that you knew Opt-in Plaintiffs did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**RESPONSE:** Deny.

5

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff was not paid for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 18:**

Admit that Opt-in Plaintiffs were not paid for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiffs' regular rates of pay was miscalculated because you failed to pay him for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 20:**

Admit that Opt-in Plaintiff's regular rates of pay were miscalculated because you failed to pay them for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 21:**

Admit that you paid Plaintiff an hourly rate.

**Response:** Admit.


**REQUEST FOR ADMISSION NO. 22:**

Admit that you paid Opt-in Plaintiffs an hourly rate.

**Response:** Admit as to all Opt-in Plaintiffs except Terrance Watson.


6

**REQUEST FOR ADMISSION NO. 23:**

Admit that Plaintiff generally worked more than forty (40) hours per week during the relevant window of recovery.

**Response:**  Defendant objects to this request because the term "generally" is vague and lacks sufficient specificity; thus, Defendant denies this request.  However, Defendant admits Plaintiff worked more than 40 hours each week only to the extent his time records reflect work hours in excess of 40 each week.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Opt-in Plaintiffs generally worked more than forty (40) hours per week during the relevant window of recovery.

**Response:**  Defendant objects to this request because the term "generally" is vague and lacks sufficient specificity; thus, Defendant denies this request.  However, Defendant admits Opt-in Plaintiffs worked more than 40 hours each week only to the extent his time records reflect hours worked in excess of 40 each week.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff was required to follow your company's policy/procedure manual(s).

**Response:**  Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Opt-in Plaintiffs were required to follow your company's policy/procedure manual(s).

**Response:**  Admit.

**REQUEST FOR ADMISSION NO. 27:**

Admit that you did not seek legal advice prior to implementing your pay policy to confirm whether or not your pay policy to not pay each Plaintiff for all hours worked complied with the FLSA.

**Response:**  Deny.

7

**REQUEST FOR ADMISSION NO. 28:**

Admit that you did not confer with the Department of Labor prior to implementing your pay policy to confirm whether your pay policy to not pay each Plaintiff for all hours worked complied with the FLSA.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 29:**

Admit that you were aware of FLSA guidelines prompting payment of overtime wages at a premium rate for hours worked over 40 in a workweek.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that you had actual knowledge that the pay plan applicable to Plaintiff and Opt-in Plaintiffs were in violation of the FLSA.

**Response:** Deny.

4827-8803-0898.3 102083.1001

8

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **MILLARD GREEN, Individually and on behalf of all others similarly situated,** | § § § | |
| **Plaintiff,** | § § | **Civil Action No. 4:19-cv-332** |
| **v.** | § § | |
| | § | **JURY TRIAL DEMANDED** |
| **FRONTIER ACCESS, LLC d/b/a FRONTIER WASTE SOLUTIONS, FRONTIER K2, LLC, and K2 WASTE SOLUTIONS, LLC d/b/a LT's GARBAGE SERVICE,** | § § § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |
| **Defendants.** | § § | |

### DEFENDANT FRONTIER K2, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR ADMISSION

TO:    Plaintiff, Millard Green, by and through his attorneys of record, Clif Alexander, Austin W. Anderson, Lauren E. Braddy, Alan Clifton Gordon, and Carter T. Hastings, Anderson Alexander, PLLC, 819 N. Upper Broadway, Corpus Christi, Texas 78401

Defendant Frontier K2, LLC ("Defendant" or "Frontier") serves its Responses and Objections to Plaintiff's ("Green" or "Plaintiff") First Request for Admission under the Federal Rules of Civil Procedure.

Dated:  March 5, 2020                       Respectfully submitted,


                                            /s/ Charles H. Wilson
                                            Charles H. Wilson (Attorney-in-Charge)
                                            Texas State Bar No. 00797678
                                            Federal Bar No. 34581
                                            Littler Mendelson, P.C.
                                            1301 McKinney Street, Suite 1900
                                            Houston, Texas  77010
                                            Telephone:  713.652.4737
                                            Facsimile:  713.456.2481
                                            Email:  chawilson@littler.com

                                            **Attorney for Defendants**


## CERTIFICATE OF SERVICE

I do hereby certify that on this the 5th day of March, 2020, a true and correct copy of the foregoing document was duly served via First Class mail, email, facsimile, and/or the Court's e-filing system, on counsel of record as follows:


                        Clif Alexander
                        clif@a2xlaw.com
                        Austin W. Anderson
                        austin@a2xlaw.com
                        Lauren E. Braddy
                        lauren@a2xlaw.com
                        Alan Clifton Gordon
                        cgordon@a2xlaw.com
                        Carter T. Hastings
                        carter@a2xlaw.com
                        Anderson Alexander, PLLC
                        819 N. Upper Broadway
                        Corpus Christi, Texas 78401

                        **Attorneys for Plaintiff**


                                            /s/ Charles H. Wilson
                                            Charles H. Wilson


2

### DEFENDANT FRONTIER K2, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF MILLARD GREEN'S FIRST REQUEST FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that at all times during the relevant window of recovery you classified Plaintiff as non-exempt from the overtime requirements of the FLSA.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 2:**

Admit that at all times during the relevant window of recovery you classified Opt-in Plaintiffs as non-exempt from the overtime requirements of the FLSA.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 3:**

Admit that at all times during the relevant window of recovery Plaintiff was (and is) entitled to overtime compensation for all hours worked over forty in a workweek.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 4:**

Admit that at all times during the relevant window of recovery Opt-in Plaintiffs were (and are) entitled to overtime compensation for all hours worked over forty in a workweek.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 5:**

Admit that at all times during the relevant window of recovery Plaintiff had a thirty-minute lunch break automatically deducted from his daily hours if Plaintiff worked less than twelve (12) hours in one day.

**Response:** Admit.

3

**REQUEST FOR ADMISSION NO. 6:**

Admit that at all times during the relevant window of recovery Opt-in-Plaintiffs had (and have) a thirty-minute lunch break automatically deducted from their daily hours if Opt-in-Plaintiffs worked less than twelve (12) hours in one day.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 7:**

Admit that at all times during the relevant window of recovery Plaintiff had a one-hour lunch break automatically deducted from his daily hours if Plaintiff worked more than twelve (12) hours in one day.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 8:**

Admit that at all times during the relevant window of recovery Opt-in-Plaintiffs had (and have) a one-hour lunch break automatically deducted from their daily hours if Opt-in-Plaintiffs worked more than twelve (12) hours in one day.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 9:**

Admit that the waste disposal trucks driven by Plaintiff on your behalf were equipped with GPS.

**Response:** Defendant admits that as of March 2018, all trucks driven by Plaintiff were equipped with GPS and before March 2018, some trucks driven by Plaintiff were equipped with GPS.

**REQUEST FOR ADMISSION NO. 10:**

Admit that the waste disposal trucks driven by Opt-in Plaintiffs on your behalf were equipped with GPS.

**Response:** Defendant admits that as of March 2018, all trucks driven by Opt-In Plaintiffs were equipped with GPS and before March 2018, some trucks driven by Opt-In Plaintiff were equipped with GPS.

4

**REQUEST FOR ADMISSION NO. 11:**

Admit that the waste disposal trucks driven by Plaintiff on your behalf was equipped with a video camera.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 12:**

Admit that the waste disposal trucks driven by Opt-in Plaintiffs on your behalf were equipped with a video camera.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 13:**

Admit that Plaintiff did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 14:**

Admit that Opt-in Plaintiffs did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 15:**

Admit that you knew Plaintiff did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 16:**

Admit that you knew Opt-in Plaintiffs did not take a thirty-minute uninterrupted meal period break every single work day during the relevant time period.

**Response:** Deny.

5

**REQUEST FOR ADMISSION NO. 17:**

Admit that Plaintiff was not paid for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 18:**

Admit that Opt-in Plaintiffs were not paid for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiffs' regular rates of pay was miscalculated because you failed to pay him for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 20:**

Admit that Opt-in Plaintiff's regular rates of pay were miscalculated because you failed to pay them for all hours worked on your behalf.

**Response:** Deny.


**REQUEST FOR ADMISSION NO. 21:**

Admit that you paid Plaintiff an hourly rate.

**Response:** Admit.


**REQUEST FOR ADMISSION NO. 22:**

Admit that you paid Opt-in Plaintiffs an hourly rate.

**Response:** Admit as to all Opt-in Plaintiffs except Terrance Watson.

6

**REQUEST FOR ADMISSION NO. 23:**

Admit that Plaintiff generally worked more than forty (40) hours per week during the relevant window of recovery.

**Response:** Defendant objects to this request because the term "generally" is vague and lacks sufficient specificity; thus, Defendant denies this request. However, Defendant admits Plaintiff worked more than 40 hours each week only to the extent his time records reflect work hours in excess of 40 each week.

**REQUEST FOR ADMISSION NO. 24:**

Admit that Opt-in Plaintiffs generally worked more than forty (40) hours per week during the relevant window of recovery.

**Response:** Defendant objects to this request because the term "generally" is vague and lacks sufficient specificity; thus, Defendant denies this request. However, Defendant admits Opt-in Plaintiffs worked more than 40 hours each week only to the extent his time records reflect hours worked in excess of 40 each week.

**REQUEST FOR ADMISSION NO. 25:**

Admit that Plaintiff was required to follow your company's policy/procedure manual(s).

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 26:**

Admit that Opt-in Plaintiffs were required to follow your company's policy/procedure manual(s).

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 27:**

Admit that you did not seek legal advice prior to implementing your pay policy to confirm whether or not your pay policy to not pay each Plaintiff for all hours worked complied with the FLSA.

**Response:** Deny.

7

**REQUEST FOR ADMISSION NO. 28:**

Admit that you did not confer with the Department of Labor prior to implementing your pay policy to confirm whether your pay policy to not pay each Plaintiff for all hours worked complied with the FLSA.

**Response:** Deny.

**REQUEST FOR ADMISSION NO. 29:**

Admit that you were aware of FLSA guidelines prompting payment of overtime wages at a premium rate for hours worked over 40 in a workweek.

**Response:** Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that you had actual knowledge that the pay plan applicable to Plaintiff and Opt-in Plaintiffs were in violation of the FLSA.

**Response:** Deny.

4825-6815-7618.4 102083.1001

8